### WINDMULLER v. STANDARD DISTILLING & DISTRIBUTING CO.

(Supreme Court, Appellate Division, Second Department. June 9, 1905.)

CORPORATIONS—PURCHASE OF STOCK—GUARANTY OF DIVIDENDS.

    Where a New Jersey corporation, acting under the express sanction of the corporation law of that state (P. L. 1896, p. 294, § 51), purchased stock of another New Jersey corporation, its action in giving as part of a consideration of the purchase a guaranty of so-called dividends on outstanding stock of the company, the stock of which it purchased, was not ultra vires and illegal as a guaranty of dividends, whether profits were earned or not, but was valid and enforceable as an absolute agreement to pay stated sums at stated periods as deferred payments on account of the purchase price of the stock.

Appeal from Special Term, Queens County.

Action by Louis Windmuller against the Standard Distilling & Distributing Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BARTLETT, JENKS, HOOKER, RICH, and MILLER, JJ.

Charles C. Deming (William C. Prime, on the brief), for appellant.

John S. Sheppard, Jr., for respondent.

WILLARD BARTLETT, J. The Standard Distilling Company and the Spirits Distributing Company were two New Jersey corporations engaged in business of substantially the same character. Under the laws of New Jersey the Standard Company had the right to purchase the stock of the Spirits Company. The Standard Company did purchase 31,500 shares thereof, and, in consideration of the transfer, executed an agreement in writing, indorsed upon the certificates of two classes of the stock of the Spirits Company, which read as follows:

"For good and valuable consideration, the receipt of which is hereby acknowledged, the undersigned hereby guarantees and agrees to pay the holder of record of the within certificate, so long as said certificate shall be outstanding, but not to exceed the present unexpired term of the period for which said Spirits Distributing Company is incorporated, one and one-half per cent. dividend on the fifteenth days of January, April, July and October in each year, beginning with the year 1899, on every share of 1st preferred stock of said Spirits Distributing Company, represented by the within certificate.
    "[Signed]        Standard Distilling and Distributing Company,
                        "By N. E. D. Huggins, Secretary."

An agreement in all respects similar, except as to the percentage to be paid, was executed with reference to the second preferred stock. This suit is brought to recover the amounts agreed to be paid by virtue of certain of these agreements. The defense was

.ultra vires. It was deemed insufficient in the court below, and the defendant has appealed.

In this court the plaintiff insists (1) that the contract sued upon is not ultra vires, and (2) that, even if it be ultra vires, that defense is not available where the consideration for the contract has been fully paid to and received by the corporation seeking to avoid liability by means of such defense, as is conceded to be the case here. On the other hand, it is contended on behalf of the defendant (1) that a contract of the character of that under consideration here is clearly illegal and void as being outside the scope of corporate power, and (2) that, where a contract is illegal, immoral, or against public policy, the fact that it has been executed will not create an estoppel against the corporation by which it was made.

The defense of ultra vires plainly must rest upon a construction of the so-called guaranty, which interprets it as an undertaking to pay dividends, whether any profits are actually earned or not. Such a construction, however, does not seem to us to be necessarily required by the terms of the agreement. Although the word "guarantees" is used, it is followed by the phrase "and agrees to pay," and, when we look at the general nature and the details of the whole transaction whereby the Standard Company acquired a controlling interest in the Spirits Company, the execution of the agreement thus to pay certain so-called dividends is seen to be in reality only a method of paying a part of the price which the Standard Company was willing to expend for the acquisition of the controlling interest which it sought. We think that this is the true character of the contract, notwithstanding the use of the word "dividend" therein; that the agreement is to be regarded as an absolute agreement to pay stated sums at stated periods, representing deferred payments on account of the purchase price of the stock in one corporation purchased by the other; that an agreement of this nature is not illegal, inasmuch as the acquisition by one corporation of the stock of another is expressly sanctioned by the law of New Jersey (New Jersey Corporation Law, § 51, P. L. 1896, p. 294); that it is not immoral or against public policy; and hence that it is an enforceable contract, and was properly enforced by the judgment in this action.

Judgment affirmed, with costs. JENKS, RICH, and MILLER, JJ., concur; HOOKER, J., not voting.