William Lyman, J.
Plaintiff sues on his own behalf as a stockholder and on behalf of all other stockholders of a corporation for specific performance of a certain contract. The complaint alleges the following facts:
Plaintiff and one Percy Y. Howe, now deceased, owned all the stock in George Murphy, Inc., the defendant corporation in this action. On July 20,1938 they entered into an agreement whereby each agreed, upon severance of his connection with the eorporation by death or otherwise, to sell at par ($100) all of *648 the shares of stock he then owned in the corporate defendant back to the corporate defendant and to it only for a period of six months and the corporate defendant agreed to purchase at par ($100) and to pay for the said shares within a period of six months.
Subsequently and on the 29th day ofAugust, 1944 the said Percy Y. Howe and the corporate defendant entered into an agreement whereby Percy Y. Howe agreed to sell at book value all of the shares of stock in the corporate defendant which may be owned by him at the time of his death and the corporate defendant agreed to purchase and pay for the same within 60 days from the time of his death. This latter agreement was executed and delivered pursuant to a resolution and vote passed at a special meeting of the corporate defendant held pursuant to a call and waiver on the 29th day of August, 1944. Plaintiff and Howe did not vote at this meeting, plaintiff later indicating his dissent on the minutes of September 7, 1944.
Percy Y. Howe died on January 18, 1957, owning 366 shares of stock of the corporate defendant. Defendant Boland Gooch was duly appointed executor of his estate. As such executor he offered to the corporate defendant, by letter dated March 25, 1957, 366 shares of stock of the corporate defendant for $36,600 ($100 per share) on condition that the offer be accepted by the corporation within 60 days.
The individual defendants and plaintiff met as officers and directors of the corporate defendant on April 5, 1957 to consider this offer. The corporate balance sheet of December 31, 1956 was presented and this indicated that the liquid assets of the corporation in part were $26,405.57 in cash in the bank and $15,000 in United States Government bonds. Defendant directors Boland Gooch and Madeline Gooch took no part in the discussion of this offer and did not vote. Defendants Dunn, Poole and Dias voted to reject the offer.
By letter dated April 23, 1957 defendant Gooch renewed a second offer of the 366 shares of stock except that the offer was to be open for six months. A meeting of the board to consider this second offer was enjoined by the commencement of this action.
The issue presented to the court is the validity and enforcibility of the 1938 agreement. (Incidentally it may be noted that as the present plaintiff was not a party to the 1944 agreement, it is not binding upon him and is not considered herein.) Agreements between stockholders for the purchase and sale of stock by the one first to die have been time and again the subject of judicial determinations and have been *649 held to be valid (Matter of Galewitz, 206 Misc. 218, affd. 285 App. Div. 947).
In the instant case plaintiff and Percy Y. Howe each gave the other the right to purchase whatever stock he held at his death. That arrangement was believed to be for the benefit of each of the parties and the corporation. The agreement was enforcible by injunction and/or an action for specific performance and the agreement so stated.
Nor is there a failure of consideration or mutuality in this contract. Each agreed to sell and the corporate defendant agreed to buy all the stock of the corporate defendant decedent owned at his death. It was a contract of sale. The price was definite, the date of delivery fixed, the terms of payment specific. The corporate defendant was and is bound to purchase and could be sued for refusal to do so (Matter of Galewitz, supra).
Moreover, this agreement of 1938 was made by two surviving stockholders who owned all the stock of the corporate defendant. They sought to assure that the surviving stockholder would acquire complete control of the corporation.
The agreement of 1938 was much more than a simple contract for the purchase and sale of stock. It was an attempt by the stockholders who owned all the stock of a corporation to arrange a method whereby the surviving stockholder would acquire corporate control. The provision that the corporation would purchase the stock was merely a means to an end (Greater New York Carpet House v. Herschmann, 258 App. Div. 649).
The evidence as submitted shows that the corporate defendant has a surplus from which it could pay for the shares at the price offered. Under the law of New York, a corporation has the right to purchase its own stock provided the purchase is made out of surplus and not out of capital (Greater New York Carpet House v. Herschmann, supra).
Defendants emphasize the doctrine enunciated in the case of Topken, Loring & Schwartz, v. Schwartz (249 N. Y. 206) that in a situation involving a contract between a corporation and its employee whereby the corporation agreed to purchase and the employee agreed to sell any shares of the corporation that the employee might have at the termination of his employment, the contract cannot be specifically enforced by the cor-, poration because of lack'of consideration. This lack allegedly arises from the fact that the corporation could only fulfill its part of the contract if it had a surplus. The evidence as offered in the instant trial shows that at the time the offer was made *650 by the executor the corporate defendant did in fact enjoy a surplus. We, therefore have a case in which the defense has failed to show that it did not possess surplus out of which the stock could be purchased. It is apparent, therefore, that the contract of 1938 was valid subject to certain limitations upon its enforcibility. If when the time came to purchase the corporate defendant had a sufficient surplus, the contract would be enforced.
In defending against plaintiff’s attempt to enforce the contract, the burden rested upon defendants to show that it would be illegal to do so, for there is no presumption one .way or another as to the existence of a surplus. The defendants assumed this burden but failed to sustain it (Richards v. Wiener Co., 207 N. Y. 59).
In addition, the agreement of 1938 was in substitution of a prior valid agreement between the parties and another party. The relinquishment of this prior agreement was in itself a sufficient consideration.
Paragraph 12 of the complaint alleges that the individual defendants, as directors, at the time of voting on the offer by Grooch, as executor, on March 25, 1957, knew that the shares had a book value of approximately $200 per share. Defendants admit this. The refusal to accept an opportunity to purchase these same shares for $100 per share was, to say the least, a serious disservice to the corporation they represented and raises considerable doubt as to their good faith in this matter.
The court finds that plaintiff has proven a valid, enforcible contract and defendants have failed to prove impossibility of performance.
Judgment for plaintiff.
The foregoing states the facts which are deemed necessary to the court’s determination and constitutes the decision of the court as required by section 440 of the Civil Practice Act. Thirty days to make a case.
Defendants’ motion at close of plaintiff’s case to dismiss the complaint for failure to plead and prove a cause of action is denied.
Motion to dismiss the complaint against defendant Grooch, as executor, for failure to state a cause of action is denied.