Arnold L. Fein, J.
Motion No. 95 of July 23, 1975 and Motion No. 105 of August 5, 1975 are consolidated for disposition.
Plaintiff George Nakano moves for an order pursuant to CPLR 3213, granting summary judgment in lieu of complaint to recover the sum of $44,000, with interest from July 10, 1974, upon a promissory note issued by the corporate defendant, an instrument for the payment of money only within the terms of the statute.
It appears that the corporation executed and delivered the promissory note to redeem and purchase plaintiff’s corporate stock following the alleged discharge of plaintiff from employment.
Plaintiff was one of three stockholders who formed and organized Nakano McGlone Nightingale Advertising, Inc. to engage in the business of an advertising agency. Each of the parties owned a one-third interest in the corporation. The shareholders’ agreement entered into by the parties provides that, in the event of death, disability, termination of employment or physical relocation away from the New York City area, the stock of said shareholder shall be offered for sale to *907 the Corporation for a purchase price to be computed as provided in the agreement.
Following an alleged history of disagreement and hostility among plaintiff and the other two shareholders, including an alleged assault by Nakano upon McGlone, McGlone and Nightingale determined that the agency could not continue with plaintiff’s presence. Accordingly, the board of directors, on May 15, 1974, discharged plaintiff, effective May 20, 1974. Thereafter, on July 10, 1974, defendant issued its promissory note in the sum of $44,000, plus 6% interest, in exchange for Nakano’s stock interest. The note was payable in 12 installments, commencing August 10, 1974. Defendant defaulted on the first such installment. Plaintiff thereupon accelerated the balance due in accordance with the terms of the instrument.
Defendant does not deny issuance of the note for the stated purpose, and admits its liability to Nakano for the agreed purchase of his outstanding shares. However, it asserts that shortly before the due date of the first installment, it was advised by its accountant that there was a corporate net worth deficit in excess of $100,000 which legally, did not permit defendant to proceed with the stock redemption. Defendant contends that the stock redemption would constitute a violation of section 513 of the Business Corporation Law.
Subdivisions (a) and (b) of section 513 of the Business Corporation Law provide that a corporation, subject to any restriction contained in its certificate, may purchase or redeem shares out of surplus, or out of stated capital if the purchase is for one of the enumerated purposes not here relevant, provided the corporation is not insolvent or would not thereby be made insolvent. Insolvency is defined as the corporation’s inability to pay debts as they become due in the usual course of business (Business Corporation Law, § 102, subd [a], par [8]). Subdivision (c) of section 513 provides: "(c) A corporation, subject to any restrictions contained in its certificate of incorporation, may redeem or purchase its redeemable shares out of stated capital except when currently the corporation is insolvent or would thereby be made insolvent and except when such redemption or purchase would reduce net assets below the stated capital remaining after giving effect to the cancellation of such redeemable shares.”
The law is well settled that except in the well-defined situations prescribed in the statute, a corporation may only purchase or redeem its stock out of surplus. Corporate direc *908 tors may be held jointly and severally liable to the corporation for the benefit of creditors or shareholders for improper purchases in violation of section 513 of the Business Corporation Law (1 White, New York Corporations, par 100.09[8], pp 1-41 and 1-42). The redemption of stock where there is an undisputed deficit in the corporate surplus account would violate both criminal and civil law (Matter of Mantell v Unipak Aviation Corp., 28 AD2d 1134; Business Corporation Law, §§ 513, 514; Penal Law, § 190.35, subd 1, par [e]).
The rule is designed to protect creditors who extend credit in reliance upon the corporation’s capital structure. Accordingly, where creditors became such with notice of the purchase, and the redemption is in good faith, the purchase does not infringe upon or prejudice creditor’s rights (Cross v Beguelin, 226 App Div 349, affd 252 NY 262; Bolmer Bros. v Bolmer Constr. Co., 114 NYS2d 530).
Thus, an agreement by a corporation to purchase or redeem its stock is both valid and legal, subject to the stated limitations on its enforceability, requiring the existence of a corporate surplus from which the purchase must be made (Richards v Wiener Co., 207 NY 59). If a surplus which existed at the time of the agreement disappears, or shrinks to a deficit, the agreement is rendered unenforceable (Cross v Beguelin, supra; Christie v Fifth Madison Corp., 123 NYS2d 795; see Matter of Mantell v Unipak Aviation Corp., supra).
It is well settled that in an action to enforce a contract of redemption, the burden of proof rests upon defendant to establish that it would be illegal to proceed with the purchase or redemption (Richards v Wiener Co., supra; Murphy v George Murphy, Inc., 7 Misc 2d 647, 650). As stated in Borst v East Coast Shipyards (105 NYS2d 228, 232): "In any event, it is the burden of the defendant to establish the presence of a statutory impediment to redemption in accordance with the contract herein.” (Citing cases.) Moreover "there is no presumption one way or another as to the existence of a surplus” (Murphy v George Murphy, Inc., supra, p 650). The burden is on the corporation to establish that, at the time payments were to be made, it lacked the necessary surplus to make the payments called for by the contract. Where such proof is lacking, it is incumbent upon the Trial Judge to award judgment to the plaintiff, even where the corporation, at the time of trial, is without sufficient surplus and is, in fact, insolvent (Moro v Soldo, 143 NYS2d 863, 866).
*909 Here, defendant’s claim of the absence of surplus and the existence of a deficit is premised upon the barest and most general allegations. The opposing papers are totally conclusory in form and substance. In opposing a motion for summary judgment, a party must lay bare his proof by evidentiary facts sufficient to raise a genuine issue for submission to the trier of the facts. The corporate defendant has wholly failed to do so. No facts are asserted by it in opposing the motion. No financial records or proof is submitted to substantiate its claim. No statement of assets and liabilities is furnished. Nor has the court been supplied with a list of creditors and the respective amounts owed to each. All defendant asserts is that a deficit existed at the time that payment under the note was to be made. Defendant does not, however, state whether the asserted deficit was an actual deficit or a book deficit. In this connection, it has been held that the proper test is whether the corporation had an actual deficit or surplus at the appropriate time (Bolmer Bros, v Bolmer Constr. Co., 114 NYS2d 530, 538, supra ). Nor has defendant presented proof as to the nonapplicability of subdivision (c) of section 513 of the Business Corporation Law. Other than bald assertion, no scintilla of evidence has been submitted which raises even a suggestion of a triable issue.
Accordingly, plaintiff’s motion for an order granting summary judgment in lieu of complaint is granted. Defendant’s motion for an order directing consolidation or joint trial, is denied as academic.
(On motion for reargument, December 1, 1975)
This is a motion by defendant for reargument and/or renewal of the decision of this court, dated September 2, 1975 and the order thereon signed October 2, 1975, granting plaintiff’s motion for summary judgment in lieu of complaint to recover the sum of $44,000 with interest from July 10, 1974, upon a promissory note issued by the corporate defendant.
The note had been executed and delivered to redeem plaintiff’s corporate stock. As a defense, the corporate defendant asserted that a corporate net worth deficit existed at the time the first installment on the note was due and that any stock redemption under the circumstances would be violative of section 513 of the Business Corporation Law.
In granting plaintiff’s motion for summary judgment, this court held that the defendant had failed to sustain its burden to establish by affirmative proof that it would be illegal to *910 proceed with the redemption. (Richards v Wiener Co., 207 NY 59; Murphy v George Murphy, Inc., 7 Misc 2d 647, 650; Borst v East Coast Shipyards, 105 NYS2d 228, 232). Not a scintilla of evidence was presented by defendant to support its general allegations that it lacked the requisite surplus.
Defendant has not established that the court either overlooked or misapprehended any relevant fact or misapplied controlling principles of law. Accordingly there is no basis for reargument. However, defendant now submits an affidavit of its chief financial officer, with supporting documents and financial statements, including accountants’ reports evidencing the existence of a corporate deficit. The financial records now submitted appear to establish the nonavailability of a corporate surplus from which payment of the purchase price can be made.
Plaintiff has offered no proof as to the existence of available funds and relies solely oh defendant’s failure to submit proof upon the initial application. However, these documents require reconsideration of the motion, because they amount to controlling material evidence which now stands undisputed. Although such data should have been submitted on the original motion and the explanation of the failure to do so has a hollow ring, the court is constrained to consider it because of its materiality.
Accordingly, defendant’s motion is granted only to the extent of directing that summary judgment be entered in favor of plaintiff in the sum of $44,000 with interest from July 10, 1974, payments to be made in years in which a surplus is available for that purpose (Matter of Friedman [Video Tel.], 281 App Div 815; Matter of Mantell v Unipak Aviation Corp., 28 AD2d 1134).
The branch of defendant’s motion which seeks reargument or renewal of its motion for consolidation or joint trial is denied as academic.
Settle order providing an appropriate vehicle for insuring that payments will be made when a surplus is available.