■ NESTOR VOWTERAS, Respondent, v ARGO COMPRESSOR SERVICE CORP. et al., Appellants, et al., Defendants.—In an action, *inter alia,* to enforce an agreement to redeem stock in three close corporations, defendants Argo Compressor Service Corp., Argo Pneumatic, Inc., and Vowteras Realty, Inc., appeal from a judgment of the Supreme Court, Queens County, entered June 13, 1979, which, after a nonjury trial, awarded plaintiff the principal sum of $211,894. Case remitted to Trial Term for findings of fact pursuant to CPLR 4213 and appeal held in abeyance in the interim. The parties shall submit proposed findings of fact to the court within 15 days after service upon plaintiff by appellants of a copy of the order to be made hereon, together with notice of entry thereof. Appellants shall serve a copy of the order within 15 days after entry thereof. The trial court shall render its findings in accordance with CPLR 4213 (subd [b]) within 30 days after submission of the proposed findings of fact. On November 19, 1975 appellants, three close corporations, and plaintiff, a shareholder in each corporation, entered into a stock purchase agreement, whereby each corporation agreed to redeem plaintiff's stock for a price payable in part in installments over a five-year period. Each corporation guaranteed each and every obligation of the other corporations. The agreement also included an acceleration clause. Simultaneously, plaintiff executed agreements to repay Argo Compressor Service Corp. and Vowteras Realty, Inc., certain indebtedness, also in installments. Payments were made pursuant to these agreements until November, 1977, when appellants stopped payments. This lawsuit ensued. At trial, appellants introduced in evidence balance sheets and financial

records of the corporations, to demonstrate that the corporations lacked sufficient surplus to comply with the stock-purchase agreement (see Business Corporation Law, § 513, subd [a]; Delaware Corporation Law, § 160). Appellants also introduced evidence that compliance would render them equitably insolvent (see *Kreps v Commissioner of Internal Revenue,* 351 F2d 1, 9). The trial court found that a "true surplus" existed in November, 1977 and concluded that plaintiff was entitled to judgment. The trial court's conclusion that a true surplus existed in Vowteras Realty, Inc., is supported by its finding that the fair market value of the building and land owned by Vowteras Realty was far in excess of its book value. However, its conclusion that a true surplus existed in the other two corporations is not supported by any findings of fact. Further, the trial court did not discuss, nor determine, the credibility of evidence that compliances with the stock-purchase agreement would render the corporations equitably insolvent. The trial court did not compute the liability of each corporation individually, as principal obligor, and as guarantor, nor determine the merits of Vowteras Realty, Inc.'s cross claim, as guarantor, against its principals, Argo Compressor Service Corp. and Argo Pneumatic, Inc. The parties agree that the trial court miscalculated the amount allegedly due pursuant to the agreement. On remand, the trial court should: (1) calculate the surplus of Argo Compressor Service Corp. and Argo Pneumatic, Inc., at the time of the alleged default; (2) determine whether that surplus was sufficient to meet current payments and payment in full under the acceleration clause; (3) determine whether payment of current payments and payment in full under the acceleration clause would have rendered appellants equitably insolvent; (4) determine the individual liability of each corporation, as principal and as guarantor; and (5) decide the merits of Vowteras Realty, Inc.'s cross claim. In submitting their proposed findings of fact, appellants should recalculate their surpluses in accordance with the following principles of law. Generally, a guarantor may not assert the personal defenses of the principal obligor, in this case, the principal obligor's lack of surplus or equitable insolvency (see *Crook v Scott,* 65 App Div 139, affd 174 NY 520; *Polan v Waxman,* NYLJ, May 4, 1973, p 20, col 5; Restatement, Security, § 117). Plaintiff contends that pursuant to the guarantees, each appellant is liable for the obligations of all three appellants, irrespective of lack of surplus or the prospect of equitable insolvency of one or more of these corporations. Plaintiff proposes an easy device to subvert the requirements of section 513 of the Business Corporation Law. However, "The law searches out the reality" of the transaction, and need not countenance formalistic attempts to subvert statutory provisions (see *Lehman v Commissioner of Internal Revenue,* 109 F2d 99, 100, cert den 310 US 637). If these guarantees required each appellant to make distribution to plaintiff despite its lack of surplus, their enforcement would be against public policy (see *Windmuller v Standard Distilling & Distr. Co.,* 106 App Div 246, affd 186 NY 572). However, consistent with *Windmuller v Standard Distilling & Distr. Co. (supra),* each guarantee should be construed as additional consideration for plaintiff's stock in the guarantor corporation, enforceable only to the extent of the guarantor's surplus and equitable solvency. The effect of this agreement was to make each appellant liable for the entire amount due to plaintiff for his shares in each corporation, in the event of a default. However, that liability is enforceable against each appellant only to the extent of its surplus, and only to the extent that enforcement would not render it equitably insolvent. Further, when computing whether appellants have sufficient surplus to meet their obligations under this contract, their

liabilities under said contract should not be taken into account. The redemption of stock is an exchange of corporate assets for capital stock of the corporation, which, pursuant to section 102 (subd [a], par [9]) of the Business Corporation Law, may not be considered a liability of the corporation. In other words, the redemption of stock constitutes a reduction of surplus, and not the satisfaction of a liability under section 102 (subd [a], par [9]) of the Business Corporation Law. Moreover, since the purpose of section 513 of the Business Corporation Law, and its predecessor, section 58 of the Stock Corporation Law, was to insure that the assets left over after a distribution to shareholders were sufficient to cover existing liabilities and stated capital (see *Randall v Bailey,* 288 NY 280, 291; *Bolmer Bros. v Bolmer Constr. Co.,* 114 NYS2d 530; De Capriles, New York Business Corporation Law: Article 5 —Corporate Finance, 11 Buffalo L Rev 461, 468), the distribution itself should not be considered a liability for which assets must be held in trust. Finally, plaintiff's obligation to repay Argo Compressor Service Corporation and Vowteras Realty certain indebtedness was pursuant to an independent contract, which should be counted as an asset. Hopkins, J. P., Gibbons, Gulotta and O'Connor, JJ., concur.