■ NESTOR VOWTERAS, Respondent, v ARGO COMPRESSOR SERVICE CORP. et al., Appellants, et al., Defendants. — In an action, *inter alia,* to enforce an agreement to redeem stock in three close corporations, defendants Argo Compressor Service Corp., Argo Pneumatic, Inc., and Vowteras Realty, Inc., appeal from a judgment of the Supreme Court, Queens County, entered June 13, 1979, which, after a nonjury trial, awarded plaintiff the principal sum of $211,894. By order dated August 25, 1980, this court remitted the case to Trial Term for findings of fact pursuant to CPLR 4213 and the appeal has been held in abeyance in the interim *(Vowteras v Argo Compressor Serv. Corp.,* 77 AD2d 945). Trial Term has only partially complied. Case again remitted to Trial Term for findings of fact pursuant to CPLR 4213 in accordance herewith and appeal held in abeyance in the interim. Trial Term is to file its report with all convenient speed. In compliance with this court's order dated August 25, 1980, the trial court has calculated the surplus of Argo Compressor Service Corp. and Argo Pneumatic, Inc., at the time of the alleged default, and determined whether that surplus was sufficient to meet current payments and payment in full under the acceleration clause. However, the trial court failed to determine whether payment of current payments and payment in full under the acceleration clause would have rendered appellants equitably insolvent. Nor did the trial court determine whether enforcement of the guarantees would have rendered any of the appellants equitably insolvent. As we noted in our decision dated August 25, 1980, the guarantees are enforceable against each appellant only to the extent that enforcement would not render it equitably insolvent *(Vowteras v Argo Compressor Serv. Corp., supra,* p 946). The question of equitable insolvency is also relevant to the merits of Vowteras Realty, Inc.'s cross claim against Argo Compressor Service Corp. and Argo Pneumatic, Inc., because the latter corporations would not be liable on the cross claim if payments to plaintiff would have rendered those corporations equitably insolvent. Further, the parties agree that the trial court miscalculated the amount allegedly due pursuant to the agreement, the trial court did not set forth the basis for its calculations. Therefore, we direct the trial court to address itself

to those questions (see *Ramirez v Goldberg*, 77 AD2d 589). Since the case must be remitted to the trial court, we note that in computing whether Argo Compressor Service Corp. had sufficient surplus to meet the amount due pursuant to the acceleration clause, the trial court improperly credited to that amount plaintiff's indebtedness of $84,583 to Argo Compressor Service Corp. As we noted in our decision dated August 25, 1980, plaintiff's obligation to repay Argo Compressor Service Corp. was pursuant to a separate contract, which, pursuant to our decision, was counted as an asset when determining Argo Compressor's surplus. Therefore, when the trial court set off plaintiff's indebtedness of $84,583 against Argo Compressor Service Corp.'s obligation to redeem, the $84,583 was counted twice. Consequently, the trial court should make a new determination as to whether Argo Compressor Service Corp.'s surplus was sufficient to meet the amount due under the acceleration clause, without crediting plaintiff's obligation against that amount. Hopkins, J. P., Gibbons, Gulotta and O'Connor, JJ., concur.