■ NESTOR VOWTERAS, Respondent, v ARGO COMPRESSOR SERVICE CORP. et al., Appellants, et al., Defendants. — In an action, *inter alia,* to enforce an agreement to redeem stock in three close corporations, defendants Argo Compressor Service Corp., Argo Pneumatic, Inc., and Vowteras Realty, Inc., appeal from a judgment of the Supreme Court, Queens County (Giaccio, J.), entered June 13, 1979, which, after a nonjury trial, awarded plaintiff the principal sum of $211,894. By orders dated August 25, 1980 and April 6, 1981, the case was remitted to Trial Term for findings of fact pursuant to CPLR 4213

and the appeal has been held in abeyance in the interim *(Vowteras v Argo Compressor Serv. Corp.,* 77 AD2d 945, 81 AD2d 582). Trial Term has now complied sufficiently for us to review the judgment appealed from. Judgment modified, on the law and the facts, by: (1) deleting therefrom the provision awarding plaintiff the principal sum of $211,894, payable by Argo Compressor Service Corp., Argo Pneumatic, Inc., and Vowteras Realty, Inc., and substituting therefor a provision awarding plaintiff in his action against Vowteras Realty, Inc., the principal sum of $200,604, less the amount paid to him in his actions against Argo Compressor Service Corp. and Argo Pneumatic, Inc.; (2) adding thereto a provision awarding plaintiff the principal sum of $114,898 in his action against Argo Compressor Service Corp.; (3) adding thereto a provision awarding plaintiff the principal sum of $49,846 in his action against Argo Pneumatic, Inc.; and (4) adding thereto a provision granting judgment in favor of Vowteras Realty, Inc., on its cross claim against Argo Compressor Service Corp. in the principal sum of $114,898 less the amount paid by Argo Compressor to the plaintiff and on its cross claim against Argo Pneumatic, Inc., for the principal sum of $49,846, less the amount paid by Argo Pneumatic to the plaintiff. As so modified, judgment affirmed, without costs or disbursements. The essential elements of this dispute are set forth in our prior decision of August 25, 1980 (see *Vowteras v Argo Compressor Serv. Corp.,* 77 AD2d 945, *supra).* To reiterate, this court remitted the case to the Trial Term for additional findings of fact on the question of whether the stock purchase agreement, the acceleration clause in the stock purchase agreement, and each appellant's guarantee of each and every obligation of the other appellants pursuant to the stock purchase agreement were enforceable (see Business Corporation Law, § 513, subd [a]). Pursuant to subdivision (a) of section 513 of the Business Corporation Law a corporation may purchase its own shares out of surplus, only if such redemption does not render the corporation equitably insolvent. The appellants bear the burden of proving that the redemption would render them insolvent and that they lack sufficient surplus (see *Richards v Wiener Co.,* 207 NY 59; *Nakano v Nakano McGlone Nightingale Adv.,* 84 Misc 2d 905). On appeal, appellant Vowteras Realty, Inc., did not contend that it lacked sufficient surplus to meet its obligations under the stock purchase agreement, but did contend that compliance with the stock purchase agreement would have rendered the corporation equitably insolvent. Trial Term was directed to make findings of fact on this question but has failed to comply. However, based upon our reading of the record, we conclude that Vowteras Realty, Inc., failed to establish that compliance with any of its obligations would have rendered the corporation equitably insolvent. Vowteras Realty, Inc., has stated that, at the time of the alleged default, its monthly income exceeded its expenses. Further, there is no information in the record as to whether Vowteras Realty, Inc., could have obtained financing, in order to satisfy its obligations to creditors, and its obligations pursuant to the stock purchase agreement (see *Portage Insulated Pipe Co. v Contanzo,* 114 NJ Super 164; *Brownstein v Fiberonics Inds.,* 110 NJ Super 43; *Coffman v Maryland Pub. Co.,* 173 A 248). Since it was established that the fair market value of the building and land owned by Vowteras Realty, Inc., was $345,700, and that a true surplus existed in Vowteras Realty, Inc. (see *Vowteras v Argo Compressor Serv. Corp.,* 77 AD2d 945, *supra),* there is a substantial likelihood that the corporation could have obtained such financing. Further, based upon the Trial Term's findings of fact, and our own reading of the record, we conclude that Argo Compressor Service Corp. and Argo Pneumatic, Inc., established that they lacked sufficient surplus at the time of the alleged default to satisfy their obligations on the guarantee, but failed to establish that they lacked sufficient surplus to satisfy their accelerated obligations, as principal obligors, nor did

they establish that compliance with the acceleration clause would have rendered them equitably insolvent. Although the trial court concluded that Argo Compressor Service Corp.'s balance sheets reflected a surplus of between $150,126 and $152,380, which was insufficient to meet the accelerated amount of its liability as principal obligor ($199,481), the trial court further noted that the balance sheets "do not take into account a re-evaluation of the furniture, fixtures and transportation equipment which is shown as an asset totaling $35,209 although the cost price is $222,669 and most of the equipment is still in use by ARGO COMPRESSOR." Since "actual values, albeit conservatively applied, rather than book values, are determinative of the existence of surplus" (see *Baxter v Lancer Inds.*, 213 F Supp 92, 95; *Randall v Bailey*, 288 NY 280), it appears that Argo Compressor Service Corp. had sufficient surplus to meet its obligations as principal obligor, but insufficient surplus to meet its obligations as guarantor. The existence of working capital (current assets less current liabilities) could indicate that the corporation is equitably solvent (cf. *Matter of Utrecht Coal Co.*, 63 F2d 745, 746). The audited balance sheets of September 30, 1977 show that Argo Compressor Service Corp. had working capital of $210,467, while Argo Pneumatic, Inc., had working capital of $328,350. Therefore, the conclusion of the trial court, that Argo Compressor and Argo Pneumatic's satisfaction of the accelerated amount of their obligations as principals would not have rendered them equitably insolvent should not be disturbed. Since the acceleration clause provides that upon default, "the entire balance of all payments then due from all the corporations to [plaintiff]", and not the principal sum of those payments, shall become payable, all payments, including interest of 4% per annum, were due upon default. Therefore, plaintiff is entitled to statutory interest from the date of the default, November 1, 1977. We have considered the parties' remaining contentions and find them to be without merit. Hopkins, J. P., Gibbons, Gulotta and O'Connor, JJ., concur.