■ SAM LA SORSA et al., Respondents-Appellants, v ALGEN PRESS CORP. et al., Appellants-Respondents and Third-Party Plaintiffs-Appellants. STANDARD FINISHING CO., INC., Third-Party Defendant-Respondent. — In an action, *inter alia,* seeking judicial dissolution of defendant Algen Press Corp., defendants appeal, as limited by their notice of appeal and brief, from (1) so much of a judgment of the Supreme Court, Queens County (Buschmann, J.), dated March 31, 1983, as, after a nonjury trial, (a) granted plaintiffs the right to move ex parte for a judgment of dissolution, unless defendants paid to each of the named plaintiffs a certain sum, representing the fair market value of their stock; and (b) dismissed defendants' first counterclaim as against plaintiffs and their third-party claim against Standard Finishing Co., both claims regarding the sale to Standard of a machine owned by the defendant corporation; and (2) so much of an order of the same court, dated April 11, 1983, as, upon granting reargument, *inter alia,* adhered to its original determination. The plaintiffs have apparently abandoned their cross appeal.

Appeal from the judgment dismissed, without costs or disbursements. Said judgment was superseded by the order dated April 11, 1983, entered upon reargument.

Order dated April 11, 1983, modified by deleting all the words following the words "leave to reargue is granted, and upon reargument" and the following is substituted therefor: "the first, second, fifth and sixth decretal paragraphs of the judgment dated March 31, 1983 are deleted; the first cause of action for dissolution is dismissed; and the third decretal paragraph is modified by providing that the fourth and fifth counterclaims are not dismissed; and the judgment is otherwise adhered to." As so modified, order affirmed, insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

Plaintiffs, minority shareholders of defendant Algen Press Corporation, sought, *inter alia,* judicial dissolution of the defendant corporation or, in the alternative, specific performance of a February 4, 1978 corporate resolution, which provided for the redemption of stock by shareholders. After a lengthy trial, the trial court determined, *inter alia,* that dissolution should be granted, pursuant to section 1104-a of the Business Corporation Law, unless defendants paid to the named plaintiffs the fair market value of plaintiffs' shares, pursuant to section 1118 of the Business Corporation Law. We conclude that this was error.

The Business Corporation Law sets forth the procedure to be followed when seeking a judicial dissolution of a corporation. A verified petition is to be presented to the court (Business Corporation Law, § 1105). The court is then required to issue an order requiring the corporation and all interested persons to show cause why the corporation should not be dissolved. The court is to further provide for the publication of the order to show cause, the service of the order to show cause upon certain designated individuals, and the filing of the order to show cause, together with the petition, with the clerk of the county where the office of the corporation is located at the date of the court's order to show cause (Business Corporation Law, § 1106).

Plaintiffs instituted the instant action by service of a summons and complaint, rather than commencing a proceeding pursuant to the Business Corporation Law upon presentation of a verified petition to the court. While the trial court could have directed amendment of the plaintiffs' papers and issued the appropriate orders with regard to publication, service and filing of an order to show cause and verified petition, *nunc pro tunc* (Business Corporation Law, § 1107; *Matter of Christian Jensen Co.,* 128 NY 550), it failed to do so. Accordingly, consideration of

the judicial dissolution cause of action was improper (cf. *Muller v Silverstein,* 92 AD2d 455, 456; *Matter of Cunningham & Kaming,* 75 AD2d 521, 522).

Because of the trial court's determination of the dissolution issue it did not consider, separate and apart therefrom, plaintiffs' second cause of action for specific performance of the February 4, 1978 corporate resolution regarding stock redemption by shareholders. Under the circumstances herein, we deem it appropriate to remit the matter for a new trial on that issue. In determining the issue of specific performance, the trial court should consider whether plaintiffs properly complied with the terms of the corporate resolution (as well as the separate issue raised in defendants' fourth and fifth counterclaims as against plaintiffs Louis La Sorsa and Michael Rosenhack with regard to the ownership of their shares, pursuant to their stock subscription agreements) and if there was proper compliance with the corporate resolution, whether defendants could and did thereafter properly modify the corporate resolution. If plaintiffs properly tendered their shares for redemption and defendants could not or did not properly modify the corporate resolution, then enforcement of the resolution, including the acceleration clause therein, if applicable, would be dependent upon further findings that defendant corporation had sufficient surplus and such redemption would not have rendered it insolvent (Business Corporation Law, § 513, subd [a]; § 514; cf. *Vowteras v Argo Compressor Serv. Corp.,* 83 AD2d 834, mot for lv to app den 55 NY2d 605; *Nakano v Nakano McGlone Nightingale Adv.,* 84 Misc 2d 905). "The burden is on the corporation to establish that, at the time payments were to be made [in 1979], it lacked the necessary surplus to make the payments [or would thereby have been rendered insolvent] * * * Where such proof is lacking, it is incumbent upon the Trial Judge to award judgment to the plaintiff[s], even where the corporation, at the time of trial, is without sufficient surplus and is, in fact, insolvent" (*Nakano v Nakano McGlone Nightingale Adv., supra,* p 908). However, in such circumstance, payments pursuant to the judgment would be limited to years in which a surplus is available for that purpose (see *Nakano v Nakano McGlone Nightingale Adv., supra,* p 910; *Matter of Mantell [Unipak Aviation Corp.],* 28 AD2d 1134). We further note that if the trial court concludes that plaintiffs are entitled to redeem their stock, pursuant to the February, 1978 corporate resolution, then the value of the stock should be computed as set forth in the resolution: either (1) by negotiation of the parties; or (2) by computing the "basic guaranteed minimum".

Finally, the trial court properly dismissed defendants' first counterclaim against plaintiffs and their third-party complaint against Standard Finishing Co., both claims relating to the sale to Standard of a machine owned by defendant corporation. Brown, J. P., Rubin, Boyers and Lawrence, JJ., concur.