■ In the Matter of WILLIAM R. HARRIS, Appellant. CHARLES R. DANIELS AGENCY, INC., Respondent.—In a proceeding pursuant to Business Corporation Law § 1104-a seeking a judicial dissolution of a closely held corporation, the petitioner appeals from an order and judgment (one paper) of the Su-

preme Court, Dutchess County (Gurahian, J.), dated August 13, 1985, which, *inter alia,* denied the petition.

Order and judgment affirmed, with costs.

The determination of an application for a judicially ordered dissolution of a closely held corporation is a matter of discretion and should not be undertaken lightly *(see, Matter of Kemp & Beatley [Gardstein],* 64 NY2d 63). Business Corporation Law § 1104-a (b) provides that:

"The court, in determining whether to proceed with involuntary dissolution pursuant to this section, shall take into account:

"(1) Whether liquidation of the corporation is the only feasible means whereby the petitioners may reasonably expect to obtain a fair return on their investment; and

"(2) Whether liquidation of the corporation is reasonably necessary for the protection of the rights and interests of any substantial number of shareholders or of the petitioners".

Thus, the fact that the petitioner may have been able to demonstrate grounds for dissolution (Business Corporation Law § 1104-a [a]), does not necessarily establish that the court abused its discretion in declining to order the involuntary dissolution of the respondent corporation *(see, Matter of Kemp & Beatley [Gardstein], supra).* A review of the record reveals that the petitioner may obtain a fair return on his investment pursuant to the buy-out provisions of the shareholder's agreement. Accordingly, under the circumstances of this case, nisi prius properly denied the dissolution petition. Mangano, J. P., Thompson, Brown and Weinstein, JJ., concur.