■ In the Matter of PACE PHOTOGRAPHERS, LTD., Respondent. HERMAN ROSEN, Appellant.—In a proceeding for the judicial dissolution of a corporation, the petitioner appeals, as limited by his brief, from (1) stated portions of a decision of the Supreme Court, Nassau County (Murphy, J.), dated April 3, 1987, which, *inter alia,* held that the respondent's cross motion for an order authorizing the redemption of the petitioner's stock should be granted, (2) so much of an order of the same court, dated June 15, 1987, as, upon reargument, adhered to the original determination, and (3) stated portions of an order and judgment (one paper) of the same court, entered July 7, 1987, which, *inter alia,* declared that the fair value of the petitioner's stock was $53,340.

Ordered that the appeal from the decision dated April 3, 1987 is dismissed, as no appeal lies from a decision; and it is further,

Ordered that the appeal from the order dated June 15, 1987 is dismissed, as no appeal lies from an order made upon reargument or renewal of a decision; and it is further,

Ordered that the order and judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The petitioner, 1 of 5 shareholders in the corporation, had entered into a shareholders' agreement which provided, among other things, for the method of determining the price for shares sold to the other stockholders within the first five years of the agreement. Within that period, the petitioner sought to compel the judicial dissolution of the corporation pursuant to Business Corporation Law § 1104-a. The remaining shareholders elected to purchase the petitioner's shares at fair value pursuant to Business Corporation Law § 1118, thereby staying the dissolution proceeding. The petitioner consented to this buy-out (see, Matter of Kemp & Beatley [Gardstein], 64 NY2d 63; Matter of Doniger v Rye Psychiatric Hosp. Center, 122 AD2d 873). The sole question remaining was the determination of the fair value of the petitioner's shares, so a hearing was not required on the petitioner's allegations of misconduct (Matter of Gordon & Weiss, 32 AD2d 279).

While the petitioner claims that the price of his shares, as computed by the agreement, is unfair, more than a mere disparity between that price and their current value must be shown (see, Allen v Biltmore Tissue Corp., 2 NY2d 534). The shareholders' agreement was freely and voluntarily entered into by all of the shareholders and is clear and unambiguous as to its terms for a buy-out. "A review of the record reveals that the petitioner may obtain a fair return on his investment pursuant to the buy-out provisions of the shareholder's agreement" (Matter of Harris [Daniels Agency], 118 AD2d 646, 647).

Finally, the restrictive covenant contained in the shareholders' agreement was reasonable in scope and duration and it was proper to enforce it (see, Mohawk Maintenance Co. v Kessler, 52 NY2d 276; Meteor Indus. v Metalloy Indus., 104 AD2d 440). Lawrence, J. P., Weinstein, Kooper and Sullivan, JJ., concur.