■ In the Matter of SAMUEL BRACH, Respondent. 88-15 EXECUTIVE ARMS REALTY CORP., Appellant. (And Another Action.)—In a proceeding for dissolution of a business corporation, the appeal is from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated June 23, 1986, as denied the appellant's motion to dismiss the petition pursuant to CPLR 3211 (7) for failure to state a cause of action.

Ordered that the order is reversed insofar as appealed from, with costs, the motion is granted and the petition is dismissed.

The petitioner Samuel Brach seeks the dissolution of 88-15 Executive Arms Realty Corp. pursuant to Business Corporation Law § 1104-a. Samuel Brach, Peter Hoffman and Shimon Ludmir each own one third of the corporation's stock. The sole asset and business of the corporation is a multifamily residential building managed by Ludmir.

The petitioner alleges that Hoffman and Ludmir have been guilty of illegal, fraudulent and oppressive actions and that the property of the corporation is being wasted and diverted for noncorporate purposes. Specifically, it is alleged that Ludmir was only to be manager for a one-year trial basis and that he has mismanaged the property, particularly by virtue of his inadequate bookkeeping. Further, the petitioner alleges that the shareholders' agreement does not set forth the buy-out procedure originally contemplated and fails to provide, in the event of a stock transfer, for payment of a mortgage note held by the seller of the corporation's building which was secured by property owned solely and individually by the petitioner.

We find that the appellant's motion to dismiss the petition for failure to state a cause of action pursuant to CPLR 3211 (7) should have been granted. In *Matter of Kemp & Beatley (Gardstein)* (64 NY2d 63, 73), the Court of Appeals held that "utilizing a complaining shareholder's 'reasonable expectations' as a means of identifying and measuring conduct alleged to be oppressive is appropriate". However, conduct will not be deemed oppressive "simply because the petitioner's subjective hopes and desires in joining the venture are not fulfilled. Disappointment alone should not necessarily be equated with oppression" *(Matter of Kemp & Beatley [Gardstein], supra, at 73).*

Here, the petition merely sets forth the petitioner's dissatisfaction with the management of the corporation by Ludmir. Such allegations do not support a finding of oppressive action by the majority shareholders which substantially defeated the petitioner's reasonable expectations *(cf., Matter of Wiedy's Furniture Clearance Center Co., 108 AD2d 81).*

Nor does it appear from the factual allegations in the petition that the corporation's capital is being wasted or looted by the other shareholders for their own enrichment, or that the corporation's existence is being continued solely for their benefit at the expense of the petitioner *(see, Gerdes v Reynolds, 281 NY 180; Matter of Dubonnet Scarfs, 105 AD2d 339).*

With respect to petitioner's allegations concerning the shareholders' agreement, we note that an action by the petitioner which sought reformation of the agreement based upon fraud and unilateral mistake was dismissed by order of the Supreme Court, Queens County (Lonschein, J.), dated February 11, 1987. That order held that the shareholders' agreement clearly provided a procedure for the buyout of a dissatisfied shareholder. No appeal was taken therefrom. As the petitioner has available to him a buy-out procedure which would provide him with a fair return on his investment, dissolution would not be the appropriate remedy *(see, Matter of Harris [Daniels Agency],* 118 AD2d 646). Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.