(April 28, 1988)

■ In the Matter of GEORGE ANDROTSAKIS et al., Respondents. ITHACA DEVELOPMENT CORP., Appellant.—Order, Supreme Court, New York County (Stanley Parness, J.; opn by Wallace R. Cotton, J.), entered January 11, 1988, which, *inter alia,* granted the motion of petitioners for the appointment of a receiver of respondent Ithaca Development Corp. (Ithaca), and referred various issues to a Referee to hear and report, is unanimously modified, on the law, on the facts, and in the exercise of discretion, to the extent of denying petitioners' motion for a receiver, and deleting from the order the appointment of a receiver, upon condition that Ithaca post an undertaking, in the amount of $250,000, and except as thus modified, otherwise affirmed, without costs.

Appeal from order of the Supreme Court, New York County (Stanley Parness, J.), entered January 12, 1988, which denied respondent Ithaca's motion for reargument, is dismissed as nonappealable, without costs.

In 1985, Ithaca, which is a New York corporation, was formed for the purpose, in substance, of developing a certain parcel of real estate in the vicinity of Orlando, Florida.

Thereafter, in 1987, Messrs. George and Dinos Androtsakis (petitioners), who hold 50% of the shares of Ithaca, instituted, pursuant to Business Corporation Law § 1104-a, a proceeding for the judicial dissolution of respondent Ithaca (respondent). Examination of the petition indicates that petitioners claim the assets of respondent are being looted by its president, Mr. Nick Spithogianis, who owns the other 50% of the shares of respondent.

While the petition for judicial dissolution was pending, petitioners moved, pursuant to Business Corporation Law §§ 1113 and 1115, for the immediate relief of, *inter alia,* the appointment of a Receiver to take possession of the assets of respondent, and, for a preliminary injunction to restrain the alleged ongoing looting of the corporate assets of respondent. In its opposing papers, respondent has, pursuant to Business Corporation Law § 1118, made an election to purchase petitioners' shares. The IAS court, *inter alia,* has granted petitioners' motion for the appointment of a Receiver, and has referred various issues to a Referee to hear and report.

We stated in *Hahn v Garay* (54 AD2d 629, 629-630 [1st Dept 1976]) that "[i]t is well recognized that courts of equity exercise extreme caution in appointing receivers *pendente lite* because such appointment results in the taking and withholding of possession of property from a party without an adjudication on the merits". After reviewing the record, in view of respondent's election to buy out petitioners, we find an undertaking in the amount of $250,000 "sufficient to secure petitioner[s] for the fair value of [their] shares" (Business Corporation Law § 1118 [c] [2]).

Accordingly, we modify the IAS order to the extent of denying petitioners' motion for a Receiver, and delete from the order the appointment of a Receiver, upon condition that respondent post an undertaking in the amount of $250,000. Concur—Murphy, P. J., Ross, Kassal, Rosenberger and Ellerin, JJ.