■ In the Matter of GEORGE ANDROTSAKIS et al., Respondents. ITHACA DEVELOPMENT CORP., Appellant.—Order, Supreme Court, New York County (Stanley Parness, J.), entered April 5, 1989, ruling that an election to purchase shares of the corporation pursuant to Business Corporation Law § 1118 had been made, denying respondent's request to withdraw that election, and directing resumption of a hearing to determine the value of petitioners' shares, unanimously affirmed, with costs.

Respondent elected to purchase petitioners' shares, pursuant to Business Corporation Law § 1118, in response to the latter's petition for dissolution under Business Corporation Law § 1104-a. That was the position taken by respondent in

arguing an earlier appeal before this court (139 AD2d 471) regardless of any interpretation of the now-disputed language in the opinion of the late Justice Wallace R. Cotton, which had temporarily set aside the election until after provisional remedies were in place. Inasmuch as an election to purchase is superior to dissolution, in that it maintains the viability of the corporation *(Matter of Public Relations Aids,* 109 AD2d 502, 508), denial of respondent's effort to withdraw that election was a proper exercise of discretion. Respondent has not borne its burden of proving that having to redeem petitioners' stock would render the corporation insolvent under Business Corporation Law § 513 (a) *(Vowteras v Argo Compressor Serv. Corp.,* 83 AD2d 834, 835, *lv denied* 55 NY2d 605). Concur—Kupferman, J. P., Ross, Milonas, Asch and Ellerin, JJ.