■ In the Matter of PACE PHOTOGRAPHERS, LTD., Appellant. HERMAN ROSEN, Respondent.—In a proceeding to compel judi-

cial dissolution of a close corporation, Pace Photographers, Ltd. appeals from an order of the Supreme Court, Nassau County (Murphy, J.), entered April 6, 1989, which denied its motion to revoke its election to purchase the shares of the petitioner Herman Rosen in Pace Photographers, Ltd. and granted the petitioner's motion, *inter alia,* for discovery to determine the fair market value of the close corporation's stock.

Ordered that the order is affirmed, with costs.

Pace Photographers, Ltd. (hereinafter Pace) is a photography business founded in the early 1960's. The petitioner, Herman Rosen, was a cofounder of Pace and its first president. On November 10, 1982, the five sole shareholders of Pace entered into a shareholders' agreement, under which they each agreed not to sell their shares within five years of the date of the agreement without the written consent of all the parties. A shareholder could sell his shares within this five-year period only to the other shareholders at a deep discount computed under the terms of the agreement.

On November 13, 1986, the petitioner Rosen commenced a proceeding to compel judicial dissolution of Pace pursuant to Business Corporation Law § 1104-a, alleging majority oppression and other wrongdoing. By letter dated November 21, 1986, Pace elected to purchase the petitioner's shares for $53,340, which was the price which would have been set under the shareholders' agreement if an offer to sell stock under the agreement had been made. Then Pace answered the petition and cross-moved to dismiss.

On or about April 3, 1987, the Supreme Court denied the petition for involuntary dissolution and granted Pace's application to purchase the stock for $53,340, the amount specified under the shareholders' agreement. This court affirmed that order *(see, Matter of Pace Photographers [Rosen],* 133 AD2d 829).

The Court of Appeals reversed, finding that a dissolution proceeding pursuant to Business Corporation Law § 1104-a is not to be deemed a voluntary offer to sell, when such a sale results from claimed majority oppression, wrongdoing, and abuse *(see, Matter of Pace Photographers [Rosen],* 71 NY2d 737). Therefore, the Court of Appeals found that the shareholders' agreement did not control on the issue of fair value of the shares and remitted the case to the Supreme Court, Nassau County, for further proceedings to fix the fair value of the petitioner's shares.

Within less than a month after the Court of Appeals decided this case, Pace sent notice to the petitioner purporting to revoke its offer to buy his shares under Business Corporation Law § 1118. In the order appealed from, the Supreme Court denied its motion to validate its revocation and granted the petitioner's motion to fix a discovery schedule on the issue of fair value. We affirm.

We first note that neither this court nor the Court of Appeals decided, either directly or by implication, whether Pace can revoke its offer to purchase the petitioner's stock and, therefore, we must now decide that issue *(see, Kelly v Eggers,* 235 App Div 53; *Brush v Rothschild,* 186 App Div 857).

Business Corporation Law § 1118 (a) states in pertinent part that "[a]n election pursuant to this section shall be irrevocable unless the court, in its discretion, for just and equitable considerations, determines that such election be revocable" (Business Corporation Law § 1118 [a]; *see also, Matter of Pace Photographers [Rosen],* 71 NY2d 737, *supra).* Business Corporation Law § 1118 (a) was amended in part to remedy the problems generated by delays in the negotiation of a fair value for a petitioner's stock *(see, Matter of Rey v Pan Am. Cash & Carry Corp.,* 152 AD2d 246).

Since Pace sought a judicial determination of fair value of the petitioner's stock, it cannot now choose to revoke its election to purchase the shares pursuant to Business Corporation Law § 1118 after the Court of Appeals rendered its decision finding its suggested price did not constitute fair value. Neither do we find any "just and equitable considerations" that would allow us to authorize revocation of Pace's election *(see, Matter of Rey v Pan Am. Cash & Carry Corp., supra).* Brown, J. P., Lawrence, Kooper and O'Brien, JJ., concur.