■ In the Matter of ROY CHU, Appellant-Respondent, v SINO CHEMISTS, INC., Respondent-Appellant. [595 NYS2d 465] — Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered December 20, 1990, which, *inter alia,* granted the petitioner's motion to confirm the report of a Special Referee and granted the respondent's cross motion to the extent of permitting it to rescind its election to purchase the petitioner's shares in the respondent corporation, unanimously modified, on the law, the facts and in the exercise of discretion, to deny the respondent's cross motion in its entirety, and otherwise affirmed, without costs.

The petitioner, Janice Chan and Kuey Bo Louie each owned a one-third interest in the respondent Sino Chemists, Inc., a corporation formed in 1969 to operate a pharmacy. The parties had no written shareholders' agreement. In 1985, the petitioner offered to sell his shares to the corporation and retained an appraiser to determine their value. Chan and Louie, however, refused to accept the appraisal and discontinued any discussion concerning the purchase of the petitioner's shares.

Thereafter, in 1986, the petitioner filed a petition seeking dissolution of the corporation pursuant to Business Corporation Law § 1104-a. The Supreme Court denied the motion to dissolve the corporation, granted the respondent's cross motion to extend its right to purchase the petitioner's shares and directed that a note of issue be filed in the event no agreement was reached between the parties as to the value of the petitioner's shares.

The respondent then completed an appraisal of the petition-

er's shares and, prior to the petitioner conducting his own appraisal, informed the petitioner by letter, that it was making an "absolute" election to purchase the shares, either at a value agreed upon by the parties or at a value assigned by the court.

Since the parties were unable to reach an agreement as to the value of the petitioner's shares, a note of issue was filed in March of 1988. The following year, one of the shareholders, Kuey Bo Louie, died. After hearings were conducted in February of 1990, the Special Referee, in a report dated June 14, 1990, valued the petitioner's interest in the corporation as of March 6, 1986, at $154,082.

The petitioner moved to confirm the report and the respondent cross moved, *inter alia,* to disaffirm the report and to rescind its election to purchase the petitioner's interest in the corporation. The Supreme Court, *inter alia,* confirmed the Referee's report but permitted the respondent to rescind its election to purchase the petitioner's shares. The court further directed that unless the respondent elected to purchase the petitioner's shares for the price recommended by the Special Referee, the dissolution proceeding would continue at a hearing before a Judicial Hearing Officer.

The Supreme Court erred in not denying the respondent's cross motion in its entirety. Business Corporation Law § 1118 (a) was amended in 1986 to preclude revocation of an election to purchase a petitioner's shares in a corporation "unless the court, in its discretion, for just and equitable considerations, determines that such election be revocable." The purpose of the amendment was to ensure that such elections were made in good faith and to counter delays in the negotiations of a fair value of stock to be redeemed *(Matter of Rey v Pan Am. Cash & Carry Corp.,* 152 AD2d 246; *see also, Matter of Pace Photographers [Rosen],* 71 NY2d 737, *on remand* 163 AD2d 316). Although the dissolution proceeding herein was commenced prior to the amendment of the statute, the election and the motion to rescind were made after the amendment became effective. Since the purpose of the amendment is remedial *(supra),* it is applicable to the case at bar.

The respondent maintains that even if the amendment applies, the following factors demonstrate that the Supreme Court properly exercised its discretion in permitting it to rescind its election: (a) the Referee's report failed to set forth detailed findings; (b) Louie's death left Chan with diminished resources; (c) the corporation was evicted from one of its two

locations in 1987 by its corporate landlord, whose majority shareholder was the petitioner; (d) the respondent's election was based on the petitioner's original appraised valuation but the petitioner was permitted to offer a second appraisal at the hearing, which inflated the price of the shares; and (e) the petitioner engaged in self-dealing, conversion of corporate assets and, as corporate treasurer, failed to file corporate tax returns.

An election to purchase is superior to dissolution because it permits the continuation of the corporation's existence *(Matter of Androtsakis [Ithaca Dev. Corp.]*, 159 AD2d 442). The respondent has failed to demonstrate that the equities favor revocation. Instead, the reasons set forth in support of revocation suggest that the respondent was simply dissatisfied with the Referee's determination as to valuation. The respondent's remedy in challenging any alleged impropriety at the hearing was to appeal the confirmation of the Referee's report. However, the respondent failed to pursue its cross appeal. Its challenge to the two appraisals obtained by the petitioner is also unavailing since its election was unconditional and was made prior to the completion of any appraisal received by the petitioner.

The death of Louie preceded the hearing, yet the respondent chose to proceed, thereby indicating that the death was not a consideration in seeking to rescind the election. Moreover, the respondent has failed to substantiate its contention that Louie's death had an adverse financial impact on the corporation. The circumstances surrounding certain purported actions of the petitioner were known to the respondent prior to its election to purchase his shares and prior to the hearing. These allegations were also unsubstantiated and fail to constitute a basis warranting revocation. Concur—Sullivan, J. P., Rosenberger, Wallach and Ross, JJ.