■ In the Matter of RICHARD A. SMITH et al., Appellants, v MICHAEL J. RUSSO et al., Respondents. [646 NYS2d 711] —In a proceeding pursuant to Business Corporation Law § 1104-a to compel judicial dissolution of a closely held corporation, the petitioners appeal from an order of the Supreme Court, Queens County (Dunkin, J.), dated November 1, 1994, which granted the respondents' motion to revoke their election pursuant to Business Corporation Law § 1118 to purchase the petitioners' shares in lieu of the judicial dissolution of Meadow Mechanical Corp. and vacated an order of the same court dated April 26, 1993, directing the respondents to post a $750,000 security bond.

Ordered that the order dated November 1, 1994, is reversed, on the law, with costs, the motion is denied, the election is reinstated, the order dated April 26, 1993, is reinstated and the respondents are directed to post a $750,000 security bond in accordance therewith, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

Pursuant to Business Corporation Law § 1118 (a), "[a]n elec-

tion [to buy out an allegedly oppressed minority shareholder] shall be irrevocable unless the court, in its discretion, for just and equitable reasons, determines that such election be revocable". When the Legislature amended Business Corporation Law § 1118 (a) to make buy out elections irrevocable (amended by L 1986, ch 861), it intended to protect oppressed minority shareholders from delaying tactics by those in control of the corporation which might cause the minority shareholders to be forced into accepting unreasonably low prices for their shares (*see, Matter of Rey v Pan Am. Cash & Carry Corp.*, 152 AD2d 246; Davidian, *Corporate Dissolution in New York: Liberalizing the Rights of Minority Shareholders*, 56 St. John's L Rev 24 [1981]). Moreover, it is preferable for dissenting minority shareholders to be bought out so that the corporation may continue to exist (*see, Matter of Chu v Sino Chemists*, 192 AD2d 315; *Matter of Androtsakis [Ithaca Dev. Corp.]* 159 AD2d 442; *Matter of Public Relations Aids*, 109 AD2d 502).

In the instant case, the petitioners, as minority shareholders, demanded dissolution pursuant to Business Corporation Law § 1104-a in July 1990. The respondents served their notice of election to buy out the minority in October 1990. In the course of discovery, it became clear that the majority and minority were in significant disagreement as to the value of the corporation. In April 1992 the petitioners moved to require that the respondents post a bond to secure their ability to execute the buy out. The petitioners expressly noted concern as to the financial deterioration of the respondent Dennis Bekatoros, one of the majority shareholders. In the respondents' opposition to that motion, they assured the court that the respondents Frances and Michael Russo would be well able to effectuate the buy out even if the respondent Bekatoros proved financially unable to participate. Subsequently, in October 1993, the respondent Bekatoros filed for bankruptcy, which resulted in extensive delays in the resolution of this matter.

In October 1993, more than three years after the petitioners' initial proceeding to compel dissolution and the respondents' election to purchase the petitioners' shares, the respondents moved to revoke their election citing "impossibility of performance", based upon the financial difficulties experienced by the respondent Bekatoros. In view of the earlier assurances provided by the Russos that their combined net worth was more than sufficient to effectuate the buy out, the respondents' contentions of impossibility of performance ring hollow. Moreover, we are satisfied that the purposes underlying the statute would be disserved by permitting revocation at this late date

and under these circumstances. Accordingly, we find that the Supreme Court improvidently exercised its discretion in permitting the respondents to revoke their election to purchase the petitioners' shares *(see, Matter of Chu v Sino Chemists, supra)* as no just and equitable circumstance supports their revocation. We, therefore, reinstate the election so this controversy may be expeditiously resolved. Miller, J. P., Joy, Altman and Friedmann, JJ., concur.