■ In the Matter of the Dissolution of ELLIOT KASTLE, INC. RICHARD KASTLEMAN, Appellant; WILLIAM SHALOM, Respondent. [651 NYS2d 485] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered July 30, 1996, which, to the extent appealed from, denied petitioner's motion for the posting of a $1,500,000 bond by respondent pending the Referee's determination of the fair market value of petitioner's stock in El-

liot Kastle, Inc., unanimously reversed, on the law and the facts and in the exercise of discretion, with costs and disbursements, the motion granted and the bond set at $1,000,000 to be posted within 20 days of service of a copy of this Court's order.

In an earlier order the IAS Court had denied petitioner's petition to dissolve the corporation, of whose stock he was a one-third owner, on the basis of the election by respondent William Shalom, a $20^{1}/_{2}$% shareholder, to purchase petitioner's shares pursuant to Business Corporation Law § 1118 (a), which enables a corporation to avoid dissolution by buying out the petitioning shareholder for the fair value of his shares "upon such terms and conditions as may be approved by the court." Petitioner alleges that the Shalom family, the majority shareholders, had engaged in illegal, fraudulent and oppressive conduct, including looting, waste and diversion of corporate assets, making dissolution necessary. The IAS Court also denied petitioner's application for a preliminary injunction reinstating him to corporate positions from which the Shalom faction had him removed. The IAS Court thereafter denied petitioner's subsequent application, made in light of these determinations, for an undertaking to secure the value of his interest in the corporation pending the outcome of the valuation hearing. This was error.

Business Corporation Law § 1118 (c) (2) provides for the posting of a bond in such circumstances in the court's discretion. In light of petitioner's serious allegations, the rather questionable financial capability of William Shalom to carry through on his offer to purchase petitioner's shares, the parties' drastically different opinions as to the value of petitioner's shares, the pendency of several lawsuits against William Shalom and his family and the likelihood, if petitioner's allegations of waste and mismanagement are substantiated, that the corporation would be worthless, the IAS Court's denial of petitioner's application was improvident. As for the amount of such an undertaking, there is significant evidence that the corporation is worth far more than the Shaloms claim. In our view, a bond in the amount as indicated herein will protect petitioner's interests. Concur—Sullivan, J. P., Rosenberger, Rubin, Ross and Mazzarelli, JJ.