◼ In the Matter of MARC CUNNINGHAM et al., Appellants, v 344 6TH AVENUE OWNERS CORP. et al., Respondents. [681 NYS2d 593] —In a proceeding pursuant to Business Corporation Law § 1104-a for judicial dissolution of a closely held corporation, the petitioners appeal, as limited by their brief, from stated

portions of an order of the Supreme Court, Kings County (Belen, J.), dated October 15, 1997, which, *inter alia*, denied their petition to dissolve the corporation.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the petition for dissolution; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a hearing in accordance herewith.

In their petition for judicial dissolution of the subject cooperative apartment corporation, the petitioners alleged that the other shareholders engaged in "oppressive conduct" towards them and that corporate assets were "looted, wasted, or diverted for non-corporate purposes" (Business Corporation Law § 1104-a [a] [2]). Oppressive conduct has been defined as thwarting the minority shareholder's reasonable expectations (*see, Matter of Kemp & Beatley [Gardstein]*, 64 NY2d 63, 73). Waste has been held to include misappropriation of corporate assets for private purpose (*see, Matter of Schwen [Village Times]*, 154 AD2d 601; *cf., Liebert v Clapp*, 13 NY2d 313), as opposed to simple mismanagement (*cf., Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530).

Although several of the petitioners' allegations do not meet the threshold for dissolution, the petitioners allege that the corporation engaged in oppressive conduct when it failed to credit their maintenance payments, thereby manufacturing a default for the purposes of obtaining their eviction. Additionally, the petition alleged that the corporation engaged in waste when it used corporate funds to perform repairs that were the obligation of the individual apartment shareholders. It was improper for the Supreme Court to deny the petition for dissolution without a hearing to determine the validity of these allegations (*see, Matter of Steinberg [Cross Country Paper Prods. Corp.]*, 249 AD2d 551). Contrary to the respondents' contention, it cannot be said on this record that the petitioners have an adequate alternative remedy (*cf., Matter of Harris [Daniels Agency]*, 118 AD2d 646, 647).

The petitioners' remaining contentions are without merit. Miller, J. P., Copertino, Thompson and Friedmann, JJ., concur.