OPINION OF THE COURT
Nicholas Figueroa, J.
*96 Respondents’ motion for the posting of a bond by the petitioner evolves out of the latter’s petition for judicial dissolution of a close corporation under New York Business Corporation Law. The original petition came before this court pursuant to Business Corporation Law § 1104 wherein petitioner, a 50% shareholder in the 212 East 52nd Street Corporation (Corporation), alleged shareholder “deadlock” based on subdivisions (a) (1), (3), and (c) thereunder.[1]
Respondents now move pursuant to CPLR 6313, as well as Business Corporation Law §§ 1113, 1115 and 1118 (c) (2), to have petitioner post a bond of $250,000 to secure corporate assets during the dissolution. Previously, respondents had cross-moved under CPLR 6313 for an injunction staying petitioner from collecting rents or taking action on behalf of the Corporation and directing the building’s subtenants to pay rent into court pending the motion’s disposition. Respondents also moved for an indemnity under the same provision and an accounting pursuant to Business Corporation Law § 720. As a result of conferences with this court, the parties reached a settlement on all of these issues, except the bond, and a consent order was drawn up accordingly.
Petitioner argues that a bond is inappropriate because it is respondents, and not petitioner, who seek injunctive relief. Petitioner also claims that under CPLR 6313, it is invariably “the plaintiff who will move for a preliminary injunction and *97 TRO”[2] and, therefore, it is respondents who should post a bond for the protection of the petitioner.[3]
Background
The 212 East 52nd Street Corporation was incorporated under the laws of the State of New York in February 1984 for the purpose of acquiring real property. At the time of incorporation, it issued 200 shares that were distributed equally between petitioner and respondents, each having invested $100,000 in the business. The Corporation ran smoothly until October 1995, at which time the parties began to encounter difficulties in their corporate, as well as personal, relationship.
For instance, respondents allege that for the year preceding March 1995, petitioner withheld rent for his occupancy of the first and second floors of 212 East 52nd Street, the principal corporate asset, on which he operated a restaurant. This resulted in a severe financial drain on the Corporation, causing it to incur significant legal fees and penalties in order to avoid foreclosure of the building’s mortgage in September 1994.
Respondents also claim that petitioner stole from the Corporation and conducted unlawful business activities in its name, such as leasing the third floor of 212 East 52nd Street to a commercial tenant in September 1994, while misrepresenting himself as the sole owner of the building. This misconduct by petitioner was repeated in April 1999, when petitioner again subleased the first and second floors to a third-party tenant, without respondents’ knowledge or consent.
In light of the foregoing allegations of corporate looting and misconduct by petitioner,[4] respondents argue that a bond is imperative in order to protect the Corporation’s property and assets pending dissolution. In respondents’ opinion, a bond is *98 essential because the Corporation’s sole asset, 212 East 52nd Street, is largely occupied by petitioner.[5] Since the Corporation’s only source of income is the building’s rental stream, respondents believe this income will be jeopardized without a bond due to petitioner’s prior history of rent defaults, suggesting future deficits as well.
Discussion
Petitioner moves under Business Corporation Law § 1104 (a) for judicial dissolution alleging shareholder deadlock. This section does not pertain to claims of corporate looting or oppressive conduct and lacks. the protective scope available to shareholders under section 1104-a, the provision governing such applications.[6] Section 1104 (a) is predicated upon irreconcilable differences or deadlock between shareholders representing 50% or more of a corporation’s outstanding shares, *99 while shareholders owning at least 20% of a corporation’s outstanding shares may petition for dissolution under section 1104-a.
Respondents’ answer and cross motion pleaded grounds typically falling under section 1104-a and their request for an injunction, as well as a bond, was based upon petitioner’s alleged corporate looting and misconduct.[7] Consequently, respondents are relying on section 1118 (c) (2) to support their request for a bond.[8] As previously noted, this provision is applicable to dissolution motions under section 1104-a and operates in conjunction with the election remedy of section 1118. The primary purpose of the bond requirement under section 1118 (c) (2) is to protect minority shareholders against tactical fluctuations in their share prices during the valuation process. (Matter of Smith v Russo, 230 AD2d 863 [1996].)
Petitioner, based upon the holding in Margolies v Encounter, Inc. (42 NY2d 475), contends that because he commenced the dissolution proceeding without seeking injunctive relief, it necessarily precludes respondents from pursuing such relief as well. This reasoning is flawed for a number of reasons.[9] First, petitioner consented to all but one of respondents’ requests for *100 injunctive relief under CPLR 6313, which culminated in the consent order issued by this court. Having consented to these demands, petitioner should not be permitted to deny respondents legal entitlement to them.
Next, although petitioner’s opposition papers emphasize the nonviability of a CPLR 6313 undertaking in these particular circumstances, they completely ignore the grounds respondents advance under the Business Corporation Law, which support a motion for a bond pending dissolution. In Matter of Elliot Kastle, Inc. (234 AD2d 181 [1996]), the First Department held it was reversible error not to set an undertaking when there were “serious allegations” of financial impropriety. In the instant case, there are serious allegations of the diversion of corporate assets and fraudulent conduct by petitioner, which the court cannot afford to overlook, especially since they are undisputed by petitioner.
Finally, petitioner overlooks the broad discretion available to courts under Business Corporation Law §§ 1113 and 1115 to issue orders deemed protective of corporate assets pending dissolution.[10] Similarly, section 1118 (c) (2) also offers guidance to the court in requiring the posting of a bond in circumstances such as these, where respondents have alleged fraud falling *101 within section 1104-a. Respondents do not challenge the motion for judicial dissolution nor do they wish to convert this proceeding to a section 1104-a motion; instead, they merely seek to preserve the Corporation’s assets pending dissolution. If respondents had sought to convert this proceeding to a section 1104-a motion, the court would have denied this request, since the case law is clear that a section 1104 (a) dissolution cannot be unilaterally converted to a motion under section 1104-a. (Matter of Toscano v Southampton Brick & Tile, 233 AD2d 515 [1996].)[11]
Decision
In light of the court’s discretion under sections 1113 and 1115 to preserve the Corporation’s assets pending dissolution, as well as the particular circumstances of this matter,[12] including respondents’ allegations of petitioner’s fraud and looting, which remain undisputed on the record, it is hereby ordered that an undertaking set at $125,000 be posted by petitioner within 20 days of service of a copy of this court’s order.

. Business Corporation Law § 1104:
“Petition in case of deadlock among directors or shareholders
“(a) Except as otherwise provided in the certificate of incorporation under section 613 (Limitations on right to vote), the holders of shares representing one-half of the votes of all outstanding shares of a corporation entitled to vote in an election of directors may present a petition for dissolution on one or more of the following grounds:
“(1) That the directors are so divided respecting the management of the corporation’s affairs that the votes required for action by the board cannot be obtained ** * *
“(3) That there is internal dissension and two or more factions of shareholders are so divided that dissolution would be beneficial to the shareholders * * *
“(c) Notwithstanding any provision in the certificate of incorporation, any holder of shares entitled to vote at an election of directors of a corporation, may present a petition for its dissolution on the ground that the shareholders are so divided that they have failed, for a period which, includes at least two consecutive annual meeting dates, to elect successors to directors whose terms have expired or would have expired upon the election and qualification of their successors.”

. CPLR 6313 (a) states, in pertinent part, that “If, on a motion for a preliminary injunction, the plaintiff shall show that immediate and irreparable injury, loss or damages will result unless the defendant is restrained before a hearing can be had, a temporary restraining order may be granted without notice. Upon granting a temporary restraining order, the court shall set the hearing for the preliminary injunction at the earliest possible time.”

. CPLR 6313 (c) states, in pertinent part, that “Prior to the granting of a temporary restraining order the court may, in its discretion, require the plaintiff to give an undertaking in an amount to he fixed by the court, contain- ' ing terms similar to those set forth in subdivision (b) of rule 6312, and subject to the exception set forth therein.”

. Various other accounts of petitioner’s fraudulent conduct, such as the fabrication of lease agreements in the Corporation’s name, are listed in the affidavit of Hirokazu Kominami and affirmation of Janie Chen, Esq.

. Three out of the four floors at 212 East 52nd Street are currently occupied by petitioner or entities controlled or affiliated with him.

. Business Corporation Law § 1104-a:
“Petition for judicial dissolution under special circumstances
“(a) The holders of shares representing twenty percent or more of the votes of all outstanding shares of a corporation, other than a corporation registered as an investment company under an act of congress entitled ‘Investment Company Act of 1940’, no shares of which are listed on a national securities exchange or regularly quoted in an over-the-counter market by one or more members of a national or an affiliated securities association, entitled to vote in an election of directors may present a petition of dissolution on one or more of the following grounds:
“(1) The directors or those in control of the corporation have been guilty of illegal, fraudulent or oppressive actions toward the complaining shareholders;
“(2) The property or assets of the corporation are being looted, wasted, or diverted for non-coiporate purposes by its directors, officers or those in control of the corporation.
“(b) The court, in determining whether to proceed with involuntary dissolution pursuant to this section, shall take into account:
“(1) Whether liquidation of the corporation is the only feasible means whereby the petitioners may reasonably expect to obtain a fair return on their investment; and
“(2) Whether liquidation of the corporation is reasonably necessary for the protection of the rights and interests of any substantial number of shareholders or of the petitioners.
“(c) In addition to all other disclosure requirements, the directors or those in control of the corporation, no later than thirty days after the filing of a petition hereunder, shall make available for inspection and copying to the petitioners under reasonable working conditions the corporate financial books and records for the three preceding years.
“(d) The court may order stock valuations be adjusted and may provide for a surcharge upon the directors or those in control of the corporation upon a *99 finding of wilful or reckless dissipation or transfer of assets or corporate property without just or adequate compensation therefor.”

. See, § 1104-a (a) (1), (2).

. Business Corporation Law § 1118:
“Purchase of petitioner’s shares; valuation
“(a) In any proceeding brought pursuant to section eleven hundred four-a of this chapter, any other shareholder or shareholders or the corporation may, at any time within ninety days after the filing of such petition or at such later time as the court in its discretion may allow, elect to purchase the shares owned by the petitioners at their fair value and upon such terms and conditions as may be approved by the court, including the conditions of paragraph (c) herein. An election pursuant to this section shall be irrevocable unless the court, in its discretion, for just and equitable considerations, determines that such election be revocable * * *
“(c) In connection with any election to purchase pursuant to this section *
“(2) The court, in its discretion, may require, at any time prior to the actual purchase of petitioner’s shares, the posting of a bond or other acceptable security in an amount sufficient to secure petitioner for the fair value of his shares.”

. Petitioner argues that “Respondents are not entitled to an undertaking [because they] did not commence this action and the petitioner has not sought a TRO * * * it is the party moving for the TRO that is required to give an undertaking [and that] the Consent Order encompasses all injunctive issues raised by the respondents, making the need for a TRO and undertaking completely moot.” (See, petitioner’s affidavit opposing respondents’ request for an undertaking ]f 24.)

. Business Corporation Law § 1113:
“Preservation of assets; appointment of receiver
“At any stage of an action or special proceeding under this article, the court may, in its discretion, make all such orders as it may deem proper in connection with preserving the property and carrying on the business of the corporation, including the appointment and removal of a receiver under article 12 (Receivership), who may be a director, officer or shareholder of the corporation.”
Business Corporation Law § 1115:
“Injunction.
“(a) At any stage of an action or special proceeding under this article, the court may, in its discretion, grant an injunction, effective during the pendency of the action or special proceeding or such shorter period as it may specify in the injunction, for one or more of the following purposes:
“(1) Restraining the corporation and its directors and officers from transacting any unauthorized business and from exercising any corporate powers, except by permission of the court.
“(2) Restraining the corporation and its directors and officers from collecting or receiving any debt or other property of the corporation, and from paying out or otherwise transferring or delivering any property of the corporation, except by permission of the court.
“(3) Restraining the creditors of the corporation from beginning any action against the corporation, or from taking any proceedings in an action theretofore commenced, except by permission of the court. Such injunction shall have the same effect and be subject to the same provisions of law as if each creditor upon whom it is served was named therein.”

. Once a petition for dissolution is brought under section 1104 (a) on the ground of shareholder deadlock, it cannot be converted into a section 1104-a proceeding in order to afford nonpetitioners the remedy of buying out the petitioner’s shares.

. An undertaking may be required by a court, in its discretion, “ ‘upon such terms as may be just.’ ” (5 Weinstein-Korn-Miller, NY Civ Prac 1[ 2501.04, at 25-10 [1992 ed].)