■ In the Matter of the Dissolution of ALPINE MOTOR CARS, INC. MARIO CHIOVITTI, Petitioner; ANGELO KOUTSAVLIS et al.,

Respondents. ALPINE MOTOR CARS, INC., Nonparty Appellant, v ALL IN ONE AUTO PARTS, INC., et al., Nonparty Respondents. [721 NYS2d 47] —Order, Supreme Court, Bronx County (Joseph Giamboi, J.), entered on or about June 30, 2000, which granted petitioner Mario Chiovitti's application for a receiver for Alpine, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, and the petitioner's application for the appointment of a receiver denied.

Petitioner (Chiovitti) is one of three principals and shareholders of Alpine, a closely held corporation in the business of selling salvage automobiles. He moved for dissolution of the company, on the ground that the other principals (the Koutsavlis brothers) had frozen him out of the management of the business and had denied him access to the company's books and financial records, and that they had diverted or dissipated corporate assets to their own benefit. Alpine and the Koutsavlis brothers answered, and asserted various counterclaims, for, *inter alia*, misappropriation of Alpine's customer lists.

The Koutsavlis brothers elected to purchase Chiovitti's shares in Alpine pursuant to Business Corporation Law § 1118 (a), which automatically stayed the dissolution proceedings, except as to the extent of valuing the corporate shares. Chiovitti then moved for the appointment of a temporary receiver.

At a hearing on the receivership matter, Chiovitti entered into evidence an unaudited 1997 financial statement prepared by independent CPAs for Alpine. That financial statement lists total assets of $1,044,646, total liabilities of $626,379 and total shareholders' equity (of Chiovitti and the Koutsavlis brothers) of $418,267.

The IAS Court granted the motion to appoint a receiver, finding insufficient information to determine the value of Chiovitti's shares as of July 1997. Although the court found that a Federal indictment against Angelo Koutsavlis supported the allegation of misappropriation of corporate assets, Koutsavlis's attorney has submitted an affidavit stating that his client has enough personal assets to satisfy a $250,000 fine ultimately levied against him. This Court has stayed the IAS Court's order, based upon Alpine's posting of a $500,000 surety bond.

Because we find the $500,000 surety bond adequate to protect Chiovitti's interests in Alpine, approximated at $140,000, as reflected by the financial statements submitted by Chiovitti at the receivership hearing, we reverse the order directing the appointment of a temporary receiver. In circumstances similar to these, this Court has consistently refrained from appointing pendente lite receivers, because such action

amounts to a taking without adjudication on the merits (*see, Matter of Elliot Kastle, Inc.*, 234 AD2d 181; *Matter of Androtsakis*, 139 AD2d 471, *lv dismissed* 72 NY2d 914). Concur—Rosenberger, J. P., Mazzarelli, Andrias, Rubin and Saxe, JJ.