Matter of Fernandes v Matrix Model Staffing, Inc. (2024 NY Slip Op 01343)

Matter of Fernandes v Matrix Model Staffing, Inc.

2024 NY Slip Op 01343

Decided on March 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 14, 2024

Before: Kern, J.P., Friedman, Kapnick, Gesmer, Rodriguez, JJ. 

Index No. 160294/21 Appeal No. 1857 Case No. 2023-00768 

[*1]In the Matter of Alvin Clayton Fernandes, Petitioner-Respondent,
v
Matrix Model Staffing, Inc., Respondent-Appellant.

The Law Office of Thomas M. Mullaney, New York (Thomas M. Mullaney of counsel), for appellant.

Order, Supreme Court, New York County (Frank P. Nervo, J.), entered January 27, 2023, which, to the extent appealed from as limited by the briefs, directed respondent to post an undertaking in the amount of $1 million pursuant to Business Corporation Law § 1118(c)(2), unanimously modified, as a matter of discretion in the interests of justice, to set the undertaking in the amount of $210,961.22, and otherwise affirmed, without costs.
It was within the court's discretion to order respondent, Matrix Model Staffing, to post an undertaking pending a hearing on the appropriate remedy and on the fair value of petitioner's shares (see Business Corporation Law § 1118[c][2]). The court's order was supported by petitioner's allegations that Jacquelyn Willard, Matrix's majority shareholder, without petitioner's knowledge or consent, designated him a "responsible party" to the Internal Revenue Service (IRS), and then failed to pay Matrix's employment taxes. This resulted in significant tax penalties for petitioner, which petitioner proved by submitting the IRS penalty notices addressed to him. Such "serious allegations" that Willard "engaged in illegal, fraudulent and oppressive conduct" support the order of an undertaking "[to] protect petitioner's interests" (Matter of Elliot Kastle, Inc. [Kastleman-Shalom], 234 AD2d 181, 182 [1st Dept 1996]).
However, the court's order sua sponte setting the undertaking at $1 million, a sum far exceeding the amount requested by petitioner, was an improvident exercise of discretion. The parties did not submit proof of the value of petitioner's shares, so the court's calculation of the undertaking amount, though not entirely arbitrary, was supported by limited evidence. Matrix persuasively argues that $1 million is an excessive estimate of the value of petitioner's shares based on the company's annual gross revenues of approximately $400,000, given that petitioner owns only 20 percent of Matrix's shares. Matrix further asserts that it "cannot" post an undertaking in that amount, so the court's order would effectively require liquidation and eliminate the possibility of an elective purchase, which the law favors because it "accommodates the interests of [both] parties in ensuring the continued functioning of the business, while also protecting the financial interest of the shareholders" (Ferolito v Vultaggio, 99 AD3d 19, 25-26 [1st Dept 2012]).
In the absence of any opposition by petitioner to Matrix's assertions about its finances and the value of petitioner's shares, we modify the court's order to set the amount of the undertaking at $210,961.22, the amount sought by petitioner. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 14, 2024